IN THE UNITED STATES DISTRICT COURT
                            FOR THE NORTHERN DISTRICT
                                  EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11 CR 417-4 |
| ) | |
| LAGUDA THOMAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

During a previously-set status hearing on June 1 co-defendant Laguda Thomas moved orally for the discharge of his appointed counsel, David Neely of the Federal Defender Program. This Court's uniform practice is to treat lawyer-client difficulties much like no-fault divorce, in which irreconcilable differences reported by either side of that relationship support the granting of a motion to terminate representation or to withdraw, as the case may be. This memorandum order, however, is occasioned by a typewritten Notice of Motion of Presentment prepared pro se by Thomas and filed on June 1, although this Court had not had the opportunity to read and review it before the hearing, in which it granted Thomas' oral motion.

In particular, this memorandum order is written because Thomas' written motion reveals a fundamental misconception on his part. That is made clear by this excerpt from the "Facts" section of his motion:

> On 4/16/12 Defendant sent counsel a questionnaire requesting the answers to prove counsel's competence, which is basic to Defendant's Sixth Amendments rights. Appendix A is a copy of the questionnaire. Defendant wants a written record of the answers to the basic questions to prove counsel's Sixth Amendment competence. Therefore, a presumption exists that counsel is not competent and must be removed and that the court must grant Defendant time to find new counsel of competence.

Thomas' Ex. A, referred to in that excerpt, is a list of 28 questions (Ex. 1 to this memorandum order) that a paying client might perhaps pose in the course of choosing a lawyer (although a number of the questions are pretty nervy even in such a context). That misguided notion on the part of a criminal defendant who seeks free representation under the Criminal Justice Act wholly ignores the careful selection process that has made this District Court's Federal Defender Panel one of the top groups (if not indeed the very top group) in the federal courts who qualify for appointment under that Act. Thomas must understand that if the predicate for his dissatisfaction with his original appointed counsel were to be repeated as to his new lawyer for the same unacceptable reason, the caselaw authorizes a court to treat such repeated conduct as the equivalent of a defendant's exercising his other constitutional right – the right of self-representation rather than the right to counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 5, 2012