**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11 CR 417-4 |
| | ) | |
| **LAGUADA THOMAS**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Like so many other federal prisoners who have heard about the decision by the United States Sentencing Commission to give retroactive effect to its Amendment 782 to the Sentencing Guidelines ("Guidelines") that revised the Drug Quantity Table and chemical quantity tables, thus providing potential sentence reductions for offenders who had previously been convicted of and sentenced for drug crimes, Laguada Thomas ("Thomas") has filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c) ("Section 3582(c)"). Unfortunately for Thomas, the just-filed response by the United States Attorney's Office to Thomas' motion has shown that the prison grapevine, in spreading the good news for drug-convicted defendants, has not conveyed the entire story -- and in particular, that a prisoner such as Thomas is ineligible for the relief potentially provided by Guideline Amendment 782.

That is so that because the exception to the finality of criminal sentences provided by Section 3582(c)(2) is limited by the language emphasized in the following quotation of that statute:

> In the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the</u>

> Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

That emphasized language is simply inapplicable to Thomas, whom this Court sentenced as a career offender pursuant to Guideline § 4B1.1(b)(2), which provided a sentencing range that has not been lowered by the Sentencing Commission pursuant to 28 U.S.C. Section 994(o).

That, regretfully for Thomas, is the end of the matter. Thomas' motion for reduction of his sentence is denied.

Milton I. Shadur
Senior United States District Judge

Date: September 1, 2015